PETER D. GILEK

v.

ERNST STOCK.

*Negotiable Instruments—Notes—Collection of—Injunctions—Fraud and Duress—Conflicting Claims—Voluntary Compromise—Mistake of Law.*

This court will not disturb a voluntary settlement of conflicting claims, though based upon an erroneous interpretation of the law.

[Opinion filed May 8, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. F. H. TRUDE, for appellant.

Mr. EDW. U. FLIEHMANN, for appellee.

GARY, J.   This is a bill in chancery, filed by the appellant, for an injunction against the collection of some promissory notes, given by him to the appellee.   Whether he is entitled to any relief can not be determined upon this bill, because of the insufficiency of its allegations, and the affirmance of this decree will be no bar to another suit, upon a bill presenting a good case, or to an application on the law side of the court for an opportunity to make a defense to the notes, upon which judgments by confession have been entered.   The bill seeks to make a case of fraud and duress.

The parties had been partners.   The appellee wished to withdraw from the business.   In the dissolution the interest of the appellant was fixed at $4,000, and that of the appellee at 8,000.   The mode adopted for a dissolution was that one Potthost became a partner with appellant, the new firm gave their notes to the appellee for $4,000, and Potthost gave to appellee cash and notes to the amount of $4,000.   After the new

firm had been in business about fifteen months, the appellant became dissatisfied with Potthost, and bought him out for $1,000. Potthost then owed the appellee $2,870 on judgment notes. What became of Potthost then, the bill does not show; it may reasonably be inferred that the claim of appellee upon him had no value.

The charges of the bill upon which relief is asked are that the appellee presented to the appellant the notes of Potthost, and demanded that appellant should pay them, threatening that unless the appellant paid them, the appellee would enter judgment upon them and seize the stock and business of the appellant and the appellant believed him; that the appellee then told the appellant to come to the office of the appellee, where he repeated his threats; stated, and procured his attorney to represent to the appellant that he was liable for the amount of the notes, and that they represented a firm debt; that unless he at once paid them, his stock of groceries and business would be sold and he turned out of doors; that he believed what was so told him, and gave the judgment notes in question amounting to $2,500, and the appellee gave to the appellant the notes of Potthost on which was then unpaid $2,870, besides probably, some accrued interest. Now, upon these facts it is quite clear that the appellee might, in good faith, have believed that the purchase by the appellant from Potthost for $1,000 of what the appellant had sold to him for $4,000, of which Potthost had paid $1,130, leaving the appellee apparently no prospect of getting anything from Potthost, was a fraud upon him, and that under an execution against Potthost he could avoid the sale by Potthost to the appellant.

All of the allegations of the bill are consistent with the hypothesis that the parties dealt with each other at arm's length, with no relation between them that took the transaction out of the ordinary rule that governs business transactions. " A voluntary compromise or settlement of doubtful or conflicting claims will not be set aside or disturbed in the courts merely because the parties may have acted under a mistake as to the law,"—quoted from Stover v. Mitchell, 45 Ill. 213, which was a case like this, in the circumstances that

the property of the plaintiff was being subjected to executions against his vendor, and that both the defendant and his attorney said that the judgments on which the executions issued, were liens upon the property. Many authorities are there cited in support of the doctrine. The decree sustaining the demurrer and dismissing the bill is affirmed.

<em>Decree affirmed.</em>