## Louise W. Percy v. Isaac N. Hollister.

1. CONSIDERATION—*For Compromises—Doubtful Claims.*—It is not necessary that a claim be certainly maintainable in order to constitute a good consideration for a compromise. It is sufficient if it be asserted in good faith, and acceded to in the way of settlement. A mere misapprehension of the law is no ground for disturbing the settlement of a doubtful claim.

**Assumpsit,** on a promissory note. Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge. presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 5, 1896.

LOESCH BROTHERS & HOWELL, attorneys for plaintiff in error.

F. J. TOURTELLOTTE, attorney for defendant in error.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a suit upon a promissory note for $1,475, made by the plaintiff in error to the defendant in error, dated August 1, 1888.

The plaintiff in error pleaded a want of consideration for the note, but upon a trial before the court, without a jury, the issues were found for the plaintiff below, and judgment given for $2,153.50.

At the time the note was made and delivered, the defendant in error was the holder of a note for $800, drawing ten

per cent interest, dated March 1, 1878, made by a firm of which the husband of the plaintiff in error was a member, and purporting to be indorsed by the plaintiff in error, but which indorsement was a forgery. The firm subsequently became insolvent, and the husband died in August, 1880. It was not until about seven months after his death that plaintiff in error first saw the note. She then and always afterward denied the signature, but after repeated demands, and threats of one kind and another, she finally, in 1888, gave the note sued upon.

According to her testimony, she was at last induced to give the note because of threats of the defendant in error to disgrace the memory of her dead husband by having it disclosed in court that he had forged her name, and because of his further threats to take from her three thousand dollars of life insurance money which her husband left her in payment of money he had borrowed from her, and which the defendant in error said he had been advised by counsel he could do, and which she did not know but that he might do.

While we will not take time to discuss when, if ever, and under what circumstances, a note bearing an indorsed forgery might afford a sufficient consideration for a new note by the person whose name was forged, we feel required to affirm the judgment upon the ground that the circumstance testified to by the plaintiff in error concerning the apparently *bona fide* assertion by defendant in error of a claim against the life insurance money held by her, and of her doubt lest such a claim might be sustained, constituted a sufficient consideration for the new note she gave. Conditions combining the insolvency of the person whose life was insured, the payment by him while insolvent, of accruing premiums upon the policy, and other circumstances tending to show an intention to defraud other creditors through such insurance, might constitute a basis for the assertion of a claim in law by a creditor not included as a beneficiary under the policy, against another creditor who received the insurance money. It is not necessary that the claim be cer-

tainly maintainable, in order to be a good consideration for a compromise. It may be a doubtful claim, and is enough if it be asserted in good faith, and acceded to in the way of compromise or settlement. Full knowledge, or means of knowledge of the facts must, probably, exist, but a mere misapprehension of the law is no ground for disturbing a settlement of a doubtful claim. Stover v. Mitchell, 45 Ill. 213; Jackson v. Horton, 126 Ill. 566; Gilek v. Stock, 33 Ill. App. 147; 3 Am. & Eng. Ency. of Law, 837.

The judgment will have to be affirmed.